Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
fjrooks@jacobsonrooks.com
(856) 874-8999
(856) 494-1707*fax*                                              Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|                          |   |                    |
|--------------------------|---|--------------------|
| **EDWARD KOPELSON**      | : |                    |
|                          | : |                    |
|            Plaintiff,    | : | **DOCKET NO.:**    |
|        v.                | : |                    |
| **42 PARKING, LLC**      | : |                    |
|                          | : | **COMPLAINT**      |
|            Defendant     | : |                    |

**PRELIMINARY STATEMENT**

Edward Kopleson (the "Plaintiff"), by and through his counsel, brings this lawsuit against 42 Parking, LLC (the "Defendant"), seeking all available relief under the Americans with Disabilities Act and the New Jersey Law Against Discrimination for the Defendant's failure to comply with both Acts' accessibility requirements.  The Plaintiff is seeking injunctive relief under the Americans with Disabilities Act to require the Defendant to remove the accessibility barriers which exist at its parking facility.  The Plaintiff is also seeking compensatory relief under the New Jersey Law Against Discrimination.  The allegations contained herein are based on personal experience of the Plaintiff.

## I. JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1, *et. seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction to entertain the State law cause of action under 28 U.S.C. § 1367(a).

## II. VENUE

4. All actions complained of herein took place within the jurisdiction of the United States District Court for the District of New Jersey.

5. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III. PARTIES

6. The Plaintiff is an adult male who currently resides in Essex County, New Jersey.

7. The Defendant is a domestic limited liability company registered with the New Jersey Division of Revenue and Enterprise Services under entity identification number 0600105584.

## IV. STATEMENT OF FACTS

*The Defendant's Parking Facility*

8. The Defendant operates a parking lot located at 42 Clinton Street, Newark, New Jersey 07102 (the "Parking Facility").

9. For a fee, an individual can park a vehicle in the Parking Facility.

10. Upon information and belief, the Parking Facility has approximately forty (40) parking spaces.

11. The Parking Facility has no parking spaces that are designated as being reserved for use by individuals with disabilities.

12. The Parking Facility is staffed by a parking attendant who collects payment for parking and issues customers a receipt and claim ticket.

13. The Parking Facility offers mechanical lift parking as well as surface parking on the lot.

*The Plaintiff*

14. The Plaintiff is an individual with a disability within the meaning of the NJLAD and ADA.

15. Because of a spinal cord injury, the Plaintiff is unable to walk.

16. For mobility, the Plaintiff uses a power wheelchair.

17. The Plaintiff possesses a license plate issued by the State of New Jersey which indicates that he is an individual with a disability.

18. The Plaintiff's license plate permits him to park his vehicle in spaces that are designated as reserved for individuals with disabilities.

19. The Plaintiff's vehicle has an automatic fold-out ramp which allows him to enter his vehicle while seated in his wheelchair.

20. The Plaintiff operates his vehicle while seated in his power wheelchair, which he positions directly in front of the steering wheel.

21. The Plaintiff's vehicle is equipped with hand controls to operate the vehicle's braking and acceleration systems, in lieu of a gas pedal and foot brake.

22. Plaintiff periodically travels in the area, and parks his vehicle in parking lots, parking garages, and streets.

23. On or about October 6, 2017, the Plaintiff entered the Parking Facility, and stopped and waited for the parking attendant to approach. The parking attendant said, "lot is full, back out" before

the Plaintiff even said anything, seemingly while looking at the Plaintiff's vehicle hand controls.

24. The Plaintiff was unable to observe any spaces reserved for use by individuals with disabilities.

25. The Plaintiff is deterred from future use of the Parking Facility by the lack of parking spaces designated as being reserved for use by individuals with disabilities.

## THE AMERICANS WITH DISABILITIES ACT

26. Congress enacted the ADA in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

27. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

28. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

29. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

30. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service,

facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

31. A "public accommodation" are private entities whose operations affect commerce. 42 U.S.C. § 12181(7).

32. "Facility" means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

*Accessible Parking under the ADA*

33. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for accessible parking spaces:[1]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

---

[1] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282

*Accessible Passenger Loading Zones*

34. Facilities that provide mechanical access parking must provide at least one accessible passenger loading zone at vehicle drop-off and pick-up areas so that people with disabilities can transfer from vehicle.[2]

*Accessible Routes under the ADA*

35. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.[3]

36. This route, which must be at least three feet wide, must remain accessible and not be blocked.[4]

37. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility.[5]

*Signage and the ADA*

38. Parking spaces that are reserved for use by individuals with disabilities must be designed as "reserved" by displaying the International Symbol of Accessibility.[6]

## THE NEW JERSEY LAW AGAINST DISCRIMINATION

39. The NJLAD provides that "[a]ll individuals shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation" without discrimination on the basis of disability. N.J.S.A. 10:5-4.

---

[2] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking

[3] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#3. MISCELLANEOUS

[4] Id.

[5] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.3

[6] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1

40. In interpreting the NJLAD in disability discrimination claims, "federal law has consistently been considered for guidance." Borngesser v. Jersey Shore Med. Ctr., 340 N.J. Super. 369, 380 (App. Div. 2001).

41. The NJLAD prohibits discrimination on the basis of a disability. N.J.S.A. 10:5-12(a).

42. "Disability" under the NJLAD, "means physical disability, infirmity, malformation or disfigurement which is caused by bodily injury, birth defect or illness including epilepsy and other seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment or physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device, or any mental, psychological or developmental disability, including autism spectrum disorders, resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques." N.J.S.A. 10:5-5(q)(a).

43. The New Jersey Administrative Code provides examples of reasonable accommodations, which include, "[p]roviding accessible entrances, walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps, clear floor paths through lobbies, corridors, rooms, and other areas, parking access aisles, and accessible elevators and lifts." N.J.A.C. 13:13–4.12(a)(8).

44. Under the NJLAD, it shall be an unlawful discrimination for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations,

advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof. N.J.S.A. 10:5-12.

45. The NJLAD is intended to insure that individuals with disabilities will have 'full and equal access to society, limited only by physical limitations they cannot overcome'" Franek v. Tomahawk Lake Resort, 333 N.J. Super. 206, 217 (App. Div. 2000).

46. Under the NJLAD, damages are available for "[t]he personal hardships include: economic loss; time loss; physical and emotional stress; and in some cases severe emotional trauma, illness, homelessness or other irreparable harm resulting from the strain of employment controversies; relocation, search and moving difficulties; anxiety caused by lack of information, uncertainty, and resultant planning difficulty; career, education, family and social disruption; and adjustment problems, which particularly impact on those protected by this act." N.J.S.A. 10:5-3.

## COUNT I –

## FAILURE TO PROVIDE ACCESSIBLE PARKING SPACES FOR INDIVIDUALS WITH DISABILITIES

47. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

48. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

49. The Plaintiff is disabled because of inability to walk.

50. The Defendant failed to provide any parking spaces which were reserved for use by individuals with disabilities.

51. The Parking Facility's failure to provide any parking spaces which were reserved for use by individuals with disabilities has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

52. The Defendant can remedy its non-compliance with the ADA's parking requirements by designating available parking spaces as being reserved for use by individuals with disabilities.

53. The Defendant has discriminated against the Plaintiff by its disregard of the requirements of the ADA and NJLAD which requires a place of public accommodation to designate parking spaces as being reserved for individuals with disabilities.

54. The Defendant's failure to comply with the ADA and the NJLAD has created a hardship for the Plaintiff.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendant to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## COUNT II -

## FAILURE TO PROVIDE AN ACCESSIBLE PASSENGER LOADING ZONE

55. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

56. The Parking Facility does not have any marked accessible passenger loading zones.

57. The Parking Facility's failure to comply with the parking accessibility requirements of the ADA and the NJLAD has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

58. The Defendant can remedy its non-compliance with the parking requirements of the ADA and the NJLAD by creating an accessible passenger loading zone.

59. The Defendant's failure to comply with the ADA and the NJLAD has denied the Plaintiff the full and equal enjoyment of the parking offered by the Parking Facility.

60. The Defendant has discriminated against the Plaintiff by its failure to comply with the ADA and the NJLAD.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendant to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## COUNT III –

## FAILURE TO COMPLY WITH THE SIGNAGE REQUIRMENTS FOR ACCESSIBLE PARKING

61. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

62. The Parking Facility has zero (o) signs which designate parking spaces as being as being reserved for individuals with disabilities.

63. The Defendant can remedy its non-compliance by installing signs with the International Symbol of Accessibility for the parking spaces that it designates for use by individuals with disabilities.

64. The Defendant's failure to comply with the accessible parking requirements for individuals with disabilities has created a hardship for the Plaintiff.

65. The Defendant has discriminated against the Plaintiff by its disregard of the sign requirements of the ADA and NJLAD which requires a place of public accommodation to have signs which designate parking spaces as being reserved for individuals with disabilities.

66. The Defendant has discriminated against the Plaintiff by its failure to comply with the accessible parking requirements of the ADA and the NJLAD.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendant to comply with the New Jersey Law Against Discrimination and the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

Respectfully submitted,


By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff*
Dated: October 30, 2017

**CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I filed the Plaintiff's Complaint via the Court's ECF system.


By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff*
Dated: October 30, 2017